1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT FOR THE
9                      EASTERN DISTRICT OF CALIFORNIA
10
11  HECTOR DAMIEN PINEDA-PORTILLO,)        1:07-cv-00401-LJO-DLB-P
                                  )
12           Plaintiff,           )
                                  )
13  vs.                           )        **FINDINGS AND RECOMMENDATIONS**
                                  )        **RE DISMISSAL OF ACTION**
14  SIX UNKNOWN NAMES AGENTS or   )        (Doc. 4)
    MR. PRESIDENT,                )
15                                )
             Defendant(s).        )
16  _____)

17      Plaintiff, Hector Damien Pineda-Portillo ("plaintiff"), is a
18  federal prisoner proceeding pro se in this civil rights action
19  pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of
20  Narcotics, 403 U.S. 388 (1971).  The matter was referred to a
21  United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)
22  and Local Rule 72-302.
23      On April 25, 2007, the court issued an order requiring
24  plaintiff to inform the court whether he intends to proceed with
25  this action within thirty (30) days from the date of service of
26  that order.  The thirty-day period has passed, and plaintiff has
27  failed to comply with or otherwise respond to the court's order.
28  //

                                 1

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

1  alternatives.   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

2  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

3  Ghazali, 46 F.3d at 53.

4      In the instant case, the court finds that the public's

5  interest in expeditiously resolving this litigation and the court's

6  interest in managing the docket weigh in favor of dismissal.  The

7  third factor, risk of prejudice to defendants, also weighs in favor

8  of dismissal, since a presumption of injury arises from the

9  occurrence of unreasonable delay in prosecuting an action.

10  Anderson v. Air West, 542 F.2d 522, 524 (9ᵗʰ Cir. 1976).  The fourth

11  factor -- public policy favoring disposition of cases on their

12  merits -- is greatly outweighed by the factors in favor of

13  dismissal discussed herein.  Finally, a court's warning to a party

14  that his failure to obey the court's order will result in dismissal

15  satisfies the "consideration of alternatives" requirement.  Ferdik

16  v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

17  779 F.2d at 1424.  The court's order of April 25, 2007, expressly

18  stated: "Plaintiff's failure to file a response to this order

19  within thirty days will result in a recommendation that this action

20  be dismissed, without prejudice, for failure to prosecute."  Thus,

21  plaintiff had adequate warning that dismissal would result from

22  non-compliance with the court's order.

23      Accordingly, the court HEREBY RECOMMENDS that this action be

24  DISMISSED, without prejudice, based on plaintiff's failure to obey

25  the court's order of April 25, 2007, and failure to prosecute.

26      These Findings and Recommendations are submitted to the United

27  States District Judge assigned to the case, pursuant to the

28  provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**

after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 30, 2007**      _____**/s/ Dennis L. Beck**_____
UNITED STATES MAGISTRATE JUDGE

4